**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS & ST. JOHN**

|  |  |  |
|---|---|---|
| In re: | ) ) ) ) | |
| ORPAH BARBEL, | ) ) | |
| Debtor. | ) ) ) ) ) ) ) ) | Civil No. 2010-137 |
| _____ | ) | |

**ATTORNEYS:**

**Orpah Barbel.**
  *Pro se appellant.*

**Carol Ann Rich, Esq.**
St. Thomas, U.S.V.I.
  *For FirstBank of Puerto Rico.*

### MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the appeal by debtor-appellant, Orpah Barbel("Barbel") of a December 10, 2010 order[1] of the United States Bankruptcy Court for the District of the Virgin Islands (the "Bankruptcy Division"). That order authorized procedures for sales of the debtor's assets; approved sales of the debtor's a assets; and approved a form of notice of sales and assets.

---

[1] The Court notes that the order was signed on December 10, 2010. It was then docketed on December 13, 2010.

*In re Barbel*
Civil No. 2010-137
Memorandum Opinion
Page 2

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 13, 2009, Barbel filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. §§ 1301 *et seq.* ("Chapter 13"). FirstBank of Puerto Rico ("First Bank") filed a notice of appearance in the bankruptcy proceeding, as successor in interest to Chase Manhattan Bank ("Chase"), a secured creditor of Barbel.

On May 7, 2009, First Bank filed a motion in the Bankruptcy Division to convert the Chapter 13 case to a proceeding under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 701 et seq. ("Chapter 7").

On June 3, 2009, the Bankruptcy Division entered an order granting First Bank's motion to convert the matter to Chapter 7.

On October 8, 2010, the Bankruptcy Division entered an order approving the Chapter 7 trustee's motion for an order authorizing procedures for the sale of the debtor's assets and approving the form of notice of sale.

On December 1, 2010, a public auction was held for the following assets:

> 1. Parcel No. 19F, Estate Solberg, Northside Quarter, St. Thomas, VI ("Parcel No. 19F"); and
> 2. Plot No. 23, Estate Crystal Gade, Queen Quarter, St. Thomas, VI ("Plot No. 23")

*In re Barbel*
Civil No. 2010-137
Memorandum Opinion
Page 3

pursuant to the bid procedures approved by the Bankruptcy Division.

First Bank submitted credit bids for both properties. It submitted a credit bid in the amount of $200,000 for Parcel No. 19F, and a credit bid in the amount of $475,000 for Plot No. 23.

On December 7, 2010, the Trustee filed his Report on the Sale. He attached thereto copies of First Bank's credit bids. On December 8, 2010 the Trustee amended his report to remedy a clerical error.

On December 13, 2010, the Bankruptcy Division entered an order approving the sale. Barbel timely appealed that order.

## II. **JURISDICTION AND STANDARD OF REVIEW**

The Court has jurisdiction to review this case pursuant to Title 28 U.S.C. §158(a).[2] The Court will review the Bankruptcy Division's findings of fact for clear error and will exercise plenary review over questions of law. *In re Barbel,* No. 01-221, 2004 U.S. Dist. LEXIS 19417, at *2, 2004 WL 220344 (D.V.I. Sept. 21, 2004) ("A district court reviews the Bankruptcy Division's conclusions of law de novo but may only review findings of fact

---

[2] This section provides that district courts of the United States are authorized to hear appeals "from final judgments, orders, and decrees" of bankruptcy judges." 28 U.S.C. § 158(a).

*In re Barbel*
Civil No. 2010-137
Memorandum Opinion
Page 4

that are clearly erroneous.") (citing Fed. R. Bankr.P. 8013; *In re Excalibur Auto. Corp.,* 859 F.2d 454, 457 (7th Cir.1988)). Applying that standard, a bankruptcy court will be held to have abused its discretion "when its ruling is founded on an error of law or a misapplication of law to the facts." *In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 122 (3d Cir. 1999).

### III. ANALYSIS

Barbel first argues that the Bankruptcy Division erred in declining to allow her to litigate the issue of First Bank's standing to proceed with a claim against her. Specifically, she asserts that First Bank is not a successor in interest to a February 15, 1999, Judgment of Debt that the Superior Court of the Virgin Islands granted Chase Manhattan Bank ("Chase") against Barbel. She argues that the Bankruptcy Division deprived her of an opportunity to object to First Bank's standing, by declaring the issue barred on *res judicata* grounds. She asserts that the Bankruptcy Division failed to evaluate whether any recognized exception to *res judicata* was applicable.

"*Res judicata* encompasses two preclusion concepts-issue preclusion, which forecloses litigation of a litigated and decided matter, and claim preclusion (often referred to as direct or collateral estoppel), which disallows litigation of a matter

*In re Barbel*
Civil No. 2010-137
Memorandum Opinion
Page 5

that has never been litigated but which should have been presented in an earlier suit." *Fullman v. Potter*, 385 F. App'x. 263, 265 (3d Cir. 2010).  "The prerequisites for the application of issue preclusion are satisfied when: "(1) the issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment." *Burlington N. R. Co. v. Hyundai Merchant Marine Co., Ltd.*, 63 F.3d 1227, 1231 (3d Cir. 1995)(quoting *In re Graham,* 973 F.2d 1089, 1097 (3d Cir. 1992)).

  Not only has Barbel litigated this issue previously in the Bankruptcy Division, she has litigated it in this Court in a previous appeal.  The Court addressed First Bank's ownership of interest in Chase's Judgment in, *In re Barbel*, Civil No. 2009-134.  There, the Court denied her appeal, noting that the issue of the ownership had previously been determined and need not be reexamined:

> The issue of First Bank's ownership of Chase's interest was addressed and decided in a previous Chapter 13 petition filed by Barbel. Bankr. No. 304-00020. In that action, Barbel contended that the Properties were not subject to the Judgment because Chase was still the owner and servicer of her "loan", and a Form 1099A issued in 2002 proved that Chase had "written it off". The Bankruptcy Division ordered First Bank to provide an explanation regarding ownership of the Judgment. First Bank offered the Crites Affidavit in response. (Exhibit 1 to Docket 31). On February 2, 2005,

*In re Barbel*
Civil No. 2010-137
Memorandum Opinion
Page 6

>   Bankruptcy Division entered an order that "the Debtor's objection to the Crites Affidavit is overruled and dismissed with prejudice" and that "Debtor owes First Bank and First Bank is the mortgagee Debtor must include in her chapter 13 plan. . . ." (Exhibit 7 to Docket 31).
>
>   As such, Barbel's contentions that First Bank does not possess Chase's interest and that the Judgment is inaccurate constitute an attempt to relitigate previously litigated issues. Because one Chapter 13 action is not the appropriate forum in which to appeal the decisions rendered in other Chapter 13 cases, the Court will not revisit these decisions.

(Mem Op. at 7.)  Here, Barbel failed to raise the argument that her challenge fell within an exception to the *res judicata* principle in the Bankruptcy Division .  "Generally, issues not properly raised before the Bankruptcy Court are waived." *In re Barbel*, 183 F. App'x 227, 230 (3d Cir. 2006).  Even if her challenge was not waived by such failure, she has not established that the ownership of interest issue falls within a recognized exception to the *res judicata* doctrine.

   Barbel also challenges the Bankruptcy Division's approval of the sale.  Barbel asserts that the credit bids were inadequate and the sale should not have proceeded without an appraisal. Additionally, she argues that the auction was not sufficiently publicized.  Accordingly, she argues that the Bankruptcy Division should not have countenanced the sale because the sale ran afoul of the requirements of 11 U.S.C. § 363 ("Section 363").

*In re Barbel*
Civil No. 2010-137
Memorandum Opinion
Page 7

"Sales in bankruptcy are governed by the provisions of 11 U.S.C. § 363 which, *inter alia*, authorize the trustee, after notice and a hearing, to use, sell, or lease property of the debtor's estate." *In re Flynn*, 417 F. App'x 188, 188 (3d Cir. 2011).

Subsection k of Section 363 provides:

> a sale under subsection (b) of this section of property that is subject to a lien that secures an allowed claim, unless the court for cause orders otherwise the holder of such claim may bid at such sale, and, if the holder of such claim purchases such property, such holder may offset such claim against the purchase price of such property.

11 U.S.C. § 363(k). "It is well settled among district and bankruptcy courts that creditors can bid the full face value of their secured claims under 363(k)." *In re SubMicron Sys. Corp.*, 432 F.3d 448, 460 (3d Cir. 2006)(collecting cases). The existence of credit bids without more does not taint the sale.

Barbel argues that "First Bank's credit bids total approximately half of the estimated value of the subject properties" and as such "do not adequately reflect the value of the estate."(Appellant's Br. at 11.)  Other than her bare assertion of a valuation of $1.2 Million, Barbel has failed to offer the estimate on which she relies.  Insofar as her appeal asserts that the Bankruptcy Division erred in failing to obtain an appraisal of the properties, that argument is unavailing.  The

*In re Barbel*
Civil No. 2010-137
Memorandum Opinion
Page 8

Court is unaware of any authority establishing that an appraisal is a necessary prerequisite to a valid sale under § 363. The "highest and best offer" has served as a relevant indicator of an asset's value. *See In re Moore,* 608 F.3d 253, 263 (5th Cir. 2010) ("As a general matter the trustee must demonstrate that the proposed sale price is the highest and best offer[.]"); *In re Boston Generating, LLC*, 440 B.R. 304, 323 (Bankr. S.D.N.Y. 2010)(stating that although there was no "*per se*" appraisals of debtor's assets, "several data points indicate the potential value of their assets," among them the "highest and best offer" received for sale of assets). Here, the First Bank credit bids constitute the highest and best offers. The bids were advanced in the course of a public auction, that was publicized in a newspaper regularly issued and of general circulation in the U.S. Virgin Islands which uses newsprint. The fact that the credit bids were the only offers does not render them inherently deficient.

Barbel has failed to demonstrate that fraud or mistake encroached on the conduct of the sale. Without such a showing, the Court would be ill-advised to disturb the sale. *See, e.g., In re Food Barn Stores Inc.,* 107 F.3d 558, 564 (8th Cir. 1997) ("At some point, such as when the court actually enters an order approving the sale, expectations become sufficiently crystallized

*In re Barbel*
Civil No. 2010-137
Memorandum Opinion
Page 9

so as to render it improper to frustrate anticipated results except in the limited circumstances where there is a grossly inadequate price or fraud in the conduct of the proceedings."); *In re Webcor, Inc.*, 392 F.2d 893, 899 (9th Cir. 1968) (noting that "there must be stability in such sales and a time must come when a fair bid is accepted and the proceedings are ended" such that once a sale is confirmed " existence of fraud, mistake, or a like infirmity would be necessary to set that confirmed sale aside"); *Hayes v. Sullivan*, 1992 WL 486914, * at 4 (D. Mass. 1993)(stating that a sale should only be vacated when "fraud, unfairness or mistake" marked the sale or "the price brought at the sale was so grossly inadequate as to shock the conscience of the court and raise a presumption of fraud, unfairness or mistake").  As such, the Court will affirm the Bankruptcy Division's order authorizing procedures for sales; approving the sales; and approving a form of notice of the sales and assets. An appropriate Order follows.